IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN E. SHAUNFIELD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4686-M (BH) |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court is *Plaintiff's Motion for Default Judgment Against Paramount Recovery Systems,* filed January 25, 2014 (doc. 130). Based on the relevant filings and applicable law, the motion should be **DENIED,** and judgment should be entered against the plaintiff.

### I. BACKGROUND

On July 2, 2012, John E. Shaunfield (Plaintiff) filed this *pro se* action against Experian Information Solutions, Inc. (Experian) in state court, asserting claims for defamation and violations of the federal Fair Credit Reporting Act (FCRA) and the Texas Business and Commerce Code. (Orig. Compl. (doc. 1-1) at 7–10.)[1] All the claims were premised on his allegations that Experian repeatedly provided credit reports containing inaccurate information about him to various entities. (*Id.* at 8–9.) He sought damages "in excess of one million dollars," attorney's fees, and court costs. (*Id.* at 10.)

After Experian removed the case to federal court, Plaintiff amended his complaint as a matter of course on September 25, 2012, to assert additional facts in support of his claims against Experian.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(First Am. Compl. (doc. 11).) With leave of Court, he filed his second amended complaint on March 27, 2013, adding Paramount Recovery Systems (Paramount) and numerous other defendants,[2] and making additional factual allegations. (Second Am. Compl. (doc. 34).) The second amended complaint asserts that Experian maintained and repeatedly disseminated two different credit reports under Plaintiff's name: one with the wrong birth date and incorrectly showing that he had no or "limited" credit history, and the other one containing numerous inaccurate credit items furnished to Experian by the other defendants. (*Id.* at 2–5.) He claimed that he tried unsuccessfully for several years to resolve these inaccuracies with Experian and submitted legal documents in support. (*Id.* at 2–3.) After Plaintiff filed another dispute in September 2012, Experian conducted an investigation and notified the other defendants, including Paramount, of his dispute and of their obligation to conduct an investigation. (*Id.* at 4–5.) On October 24, 2012, Experian sent Plaintiff the results of its investigation, which showed that Paramount and the other defendants had not made "any changes to the inaccurate information." (*Id.* at 5.)

Plaintiff alleges that Paramount "supplied" "false negative information" about Plaintiff to Experian, and that it "failed to do an adequate investigation" as required by 15 U.S.C. § 1681s-2(b) of the FCRA. (*Id.* at 5, 7.) His complaint seeks "actual, consequential, special, incidental, and exemplary damages" pursuant to §§1681n and 1681o. (*Id.*) The claims against Paramount are identical to those claims against Radiology, AHFC, and CSI. Radiology, AHFC, and CSI moved to dismiss the second amended complaint, which they construed as alleging claims against them for

---

[2] Plaintiff also added the following defendants in his second amended complaint: FIA Card Services, N.A. (FIA) (incorrectly named as Bank of America); AFNI, Inc. (AFNI), American Honda Finance Corp. (AHFC), Verizon Communication, Inc. (Verizon), Credit Systems International, Inc. (CSI), Radiology Associates of North Texas (Radiology), and Midland Credit Management, Inc. (Midland). (doc. 34 at 1–2.) FIA, Midland, and Verizon were subsequently dismissed pursuant to stipulated dismissals. (docs. 80–81; 99–100; 111.)

defamation and violations of § 1681s-2(b) and of §§ 20.006(d),(e) of the Tex. Bus. & Comm. Code, for failure to state a claim. (docs. 44; 49; 60.) On January 9, 2014, their motions were granted, and all claims against them were dismissed. (*See* doc. 123.)

Despite proof of service, Paramount did not appear in the case, and the Court Clerk entered a default against it on October 10, 2013. (doc. 95.) Plaintiff now moves for entry of default judgment against it, and the motion is ripe for recommendation.

## II. DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Paramount has failed to plead or otherwise defend, and Plaintiff has obtained an entry of default from the Court Clerk, the first two requisites for a default judgment have been met. Remaining for determination is whether entry of a default judgment is appropriate.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the

defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: 1) the amount of money involved; 2) whether there are material issues of fact or issues of substantial public importance at stake; 3) whether the default is technical in nature; 4) the extent of prejudice to the plaintiff due to the delay; 5) whether the grounds for default are clearly established; 6) the harsh effect of a default judgment; 7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; 8) whether the plaintiff's actions contributed to delay; and 9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685).

Moreover, "[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). In *Frow*, the Supreme Court stated that:

>   where a [complaint] makes a joint charge against several defendants, and one of them
>   makes default, [a court] is simply to enter a default . . . and proceed with the cause
>   upon the answers of the other defendants. The defaulting defendant has merely lost
>   his standing in court. He will not be entitled to service of notices in the cause, nor
>   to appear in it in any way. He can adduce no evidence, he cannot be heard at the
>   final hearing. But if the suit should be decided against the complainant on the merits,
>   the bill will be dismissed as to all the defendants alike–the defaulter as well as the
>   others. If it be decided in the complainant's favor, he will then be entitled to a final
>   decree against all.

82 U.S. (15 Wall.) at 554; *see also Lewis*, 236 F.3d at 768 (recognizing that when "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant"); *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010) (same), *recommendation adopted by* 2011 WL 288604 (Jan. 27, 2011).[3] Even when defendants are similarly situated but not jointly liable, however, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits as a matter of sound policy. *Gulf Coast Fans, Inc. v. Midwest Electronics,* 740 F.2d 1499, 1512 (5th Cir. 1984) (citations omitted).

In this case, the *pro se* Plaintiff asserts claims under the FCRA, which allows for actual damages in the amount of $1,000, and for punitive damages. *See* 15 U.S.C. § 1681n. Plaintiff seeks "punitive" damages in the amount of $40,000. This amount appears disproportionate to the amount of actual damages claimed, which weighs against entry of a default judgment. *See Impala African Safaris, LLC, et al., v. Dallas Safari Club, Inc., et al.,* No. 3:13-CV-2175-G, 2013 WL 6231413, *3 (N.D. Tex. Dec. 2, 2013), citing *Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-

---

[3] *Compare Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (granting default judgment in a case involving joint and several liability based on a finding that there was no risk of inconsistent judgments).

TUC-CKJ, 2010 WL 729022, *6 (D. Ariz. Mar. 2, 2010) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."). In addition, Plaintiff provided no evidence, either in support of his motion or at an evidentiary hearing, to substantiate an award in this amount. Assessing an appropriate damage award with reasonable certainty would be difficult. *See Bullock v. Abbott & Ross Credit Services, L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 (W.D. Tex. Dec. 3, 2009) (recommendation of Mag. Judge noting that in default judgment context, plaintiff must still prove damages with "reasonable certainty"). The first factor therefore weighs against entry of a default judgment.

Other factors likewise favor denial. With regard to the second factor, there are no material issues of fact or issues of substantial public importance at stake because Plaintiff's identical FCRA claims against other defendants were dismissed for failure to state a claim, and his state law claims were dismissed as preempted by the FCRA. (*See* docs. 118 at 23-29; 123; 124.) Despite default, it would be "incongruous and unfair" to allow the other defendants to prevail against Plaintiff while entering judgment in his favor against Paramount on the same issues under the same allegations. *See Lewis*, 236 F.3d at 768; *Gulf Coast Fans, Inc.,* 740 F.2d at 1512. A default judgment would result in inconsistent judgments between the answering and defaulting defendants. *See Frow,* 82 U.S. (15 Wall.) at 554. Given these facts, entry of a default judgment against Paramount appears especially harsh, which is the sixth factor. Given his failure to state a claim, the exercise of discretion to grant a default judgment in the amount requested by Plaintiff is unwarranted.

### III. RECOMMENDATION

The motion for default judgment should be **DENIED**, and the claims against Paramount should be dismissed for failure to state a claim.

**SO RECOMMENDED** on this 2nd day of September, 2014.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE